ELLIS, Judge.
Plaintiff Henry Matthews had a rebuilt transmission installed in his automobile on July 26, 1966, by defendant Istrouma Motors & Transmissions. The transmission was guaranteed by defendant for 90 days. According to plaintiff’s testimony, the transmission heated up and vibrated during the time it was in his car. He brought his car into defendant’s shop on September 17, 1966, and on other occasions during the warranty period but testified that it was never properly repaired. He further testified that on December 6, 1966, after the car had been in defendant’s shop for over a week with no work having been done on it, he took it home and left it there until February 15, 1967, when he took it to Aam-co Transmissions where a new transmission was installed.
This suit was brought for $270.00, the amount paid to Aamco for the new transmission. After trial on the merits, the trial judge found that the transmission installed by the defendant was defective and that the defendant failed to repair or replace it. He awarded plaintiff judgment for $240.00, which was the amount he paid the defendant for installation of the defective transmission. From that judgment, defendant has taken a suspensive appeal.
The specifications of error relate to the finding of fact made by the judge.
We do not have a transcript of the testimony before us, but rather a stipulation as to the sense of the testimony of the various witnesses who testified. Written reasons for judgment were rendered by the trial judge, and also form part of the record.
In effect, plaintiff and his witnesses testified that the transmission was faulty, that it was taken into defendant’s shop on several occasions during the warranty period, that defendant failed to repair it, and that eventually it had to be replaced.
Defendant’s witnesses testified that the car was never brought into the shop during the warranty period, that in December, 1966, there was a minor problem with the transmission which necessitated only cleaning, and that this work was done without charge to plaintiff although the warranty period had then expired. It was further testified by one of defendant’s mechanics that he saw plaintiff’s car being driven on the highway between December 2, 1966, and February 15, 1967.
The trial judge obviously believed plaintiff’s witnesses and did not believe those of defendant. Since he saw and heard the witnesses, he was -in a better position than we to judge their credibility. We are unable to say that in reaching this conclusion the trial judge was manifestly erroneous.
We are of the opinion that the judgment appealed from must be affirmed with all costs to be paid by the defendant.
Affirmed.